David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK   99503
Phone:  907-677-1234
Fax:  888-965-9338
dh@henderson-law.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Diane L. Long and Balingo Lake Individually, and as Parents of their minor child, J.L.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>United States of America; LifeMed Alaska, LLC; University of Washington/ University of Washington Foundation, DBA Airlift Northwest,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case no.<br>)  3:16-cv-00089-JWS<br>)<br>)<br>}<br>}<br>)<br>)<br>) |

**First Amended Complaint**

COME NOW plaintiffs and allege as follows:

**Jurisdiction**

1.    Plaintiffs are Alaskan Natives and residents of Anchorage, Alaska, in the District of Alaska.

First Amended Complaint
Long et. al. vs. USA, et. al.  Page **1** of **9**

Case 3:16-cv-00089-JWS   Document 25   Filed 01/26/17   Page 1 of 9

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK  99503
Phone: 907-677-1234
Fax: 888-965-9338

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

2.    Plaintiffs Diana Long [hereinafter "Long"] and Balingo Lake [hereinafter "Lake"] are adults and the natural parents of plaintiff J.L., a minor child.

3.    The Hooper Bay Subregional Clinic [hereinafter "the Clinic"] is a health-care facility owned and operated by the Yukon-Kuskokwim Health Corporation ["YKHC"], a tribal organization whose medical malpractice is covered by the *Federal Tort Claims Act*, 28 USC §§ 1346, 2401, and 2671 *et seq*.

4.    Steven Bertrand was at all times pertinent a physician's assistant acting within the scope of his employment at the Clinic.

5.    More than six months ago, the claim giving rise to this suit was presented to the appropriate federal agency within the meaning of 28 USC § 2675(a).

6.    Said agency has denied the claim, either by expressly rejecting it outright, or by failing to make a final disposition of it within six months, as contemplated by 28 USC § 2675(a).

7.    Defendant LifeMed Alaska, LLC [hereinafter "LifeMed"] is a limited liability company organized and existing under the laws of the State of Alaska, and at least 50% owned by YKHC.

First Amended Complaint
Long et. al. vs. USA, et. al.  Page **2** of **9**

Case 3:16-cv-00089-JWS   Document 25   Filed 01/26/17   Page 2 of 9

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

8.    LifeMed owns and operates an air- and ground-ambulance service that transports patients throughout Alaska.

9.    At all times relevant hereto, Brian Anderson, RN, and Steven Heyano, MICP EMT-P, and other employees, were either employed by LifeMed, and acting within the scope of that employment, or were agents of LifeMed, and acting within the scope of that agency.

10.    At all times relevant hereto, defendant University of Washington/University of Washington Foundation [hereinafter "University"] was a public university in the State of Washington with its principal place of business in King County, Washington.

11.    At all times relevant hereto, Airlift Northwest [hereinafter "Airlift"] was licensed to do business in the State of Alaska and was owned by the University.

12.    Airlift provides air medical transport services to patients throughout Alaska and the Pacific Northwest.

13.    This court has jurisdiction over the claims asserted herein.

**General Allegations**

14.    On at least three occasions in March and April of 2015, Long presented her four-month old infant daughter,

First Amended Complaint
Long et. al. vs. USA, et. al. Page **3** of **9**

J.L., to the Clinic in Hooper Bay for medical care and treatment of what appeared to be a respiratory viral condition.

15. During these visits, J.L. was placed under the care and treatment of Steven Bertrand, a physician's assistant.

16. By the time of her visit on April 29, 2016, J.L.'s signs and symptoms had worsened and intensified: her heart rate was 180; respiratory rate was 52; her oxygen saturation was 99%; she had audible wheezing; a fever of 100.5; her appetite and fluid-intake had decreased, and; she had retractions in the upper-abdomen/stomach region while breathing.

17. Despite J.L.'s worsening signs and symptoms, Bertrand failed to properly and adequately diagnose, treat, and deal with J.L.'s worsening status.

18. For example, he did not administer simple tests for influenza or respiratory syncytial virus ["RSV"], a respiratory-tract infection that can be fatal in infants if not properly treated, or send her into the hospital for aggressive treatment.

19. On May 3, 2015, Long again presented J.L. to the Clinic -- this time after hours, and in critical condition.

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

First Amended Complaint
Long et. al. vs. USA, et. al. Page **4** of **9**
Case 3:16-cv-00089-JWS   Document 25   Filed 01/26/17   Page 4 of 9

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

20. At that point, J.L. was septic, profoundly dehydrated; febrile; had a very elevated pulse; an elevated respiratory rate; audible wheezing; low oxygen saturation; intercostal retractions; nasal flaring, and general nonresponsiveness.

21. In light of the gravity of J.L.'s condition, LifeMed was summoned to evacuate her by air to a more complete health-care facility, first in Bethel, and ultimately to the Alaska Native Medical Center ["ANMC"] in Anchorage.

22. Prior to the flight, Bertrand improperly placed an intraosseous line in J.L.'s left tibia.

23. He then failed to detect and ensure its improper placement.

24. Registered nurse Brian Anderson, together with Steven Heyano, MICP EMT-P, and others responded on LifeMed's behalf to provide medical care for J.L. while en route to Anchorage.

25. During the flight, Anderson and Heyano both visualized and noted clear signs of extravasation, such as intensifying and deepening redness in the left leg.

26. Nevertheless, they still administered powerful medicinal agents through the improperly placed needle and

First Amended Complaint
Long et. al. vs. USA, et. al. Page **5** of **9**

line, resulting in extravasation -- a maloccurrence whereby fluids are injected into surrounding tissues, rather than into the target blood vessel itself.

27. Neither practitioner took reasonable and sufficient precautions to ensure the line's proper placement and patency.

28. Nor did they inform ANMC receiving personnel in Anchorage about their in-flight observations of redness and concerns about extravasation.

29. The resulting extravasation caused swelling and ischemia [obstructed blood-flow], which in turn killed the tissues [necrosis] in J.L.'s left lower extremity. Although ANMC's doctors attempted to treat J.L.'s ischemic and necrotic lower left leg, their efforts failed; ultimately, the leg was amputated. Respiratory cultures taken at ANMC revealed that J.L. did have RSV and influenza, which had progressed to the point of causing respiratory failure, sepsis [blood-poisoning], and septic shock [sepsis accompanied by low blood-pressure].

30. ANMC practitioners also determined that J.L. had a left pneumothorax [collapsed lung], which they treated.

31. The above-described sepsis, as well as other physiological responses to J.L.'s viral infection(s),

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

First Amended Complaint
Long et. al. vs. USA, et. al. Page **6** of **9**
Case 3:16-cv-00089-JWS Document 25 Filed 01/26/17 Page 6 of 9

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

damaged J.L.'s heart, likely necessitating ongoing treatments throughout her lifetime, including ultimately a heart transplant.

32. On May 6, 2016 J.L. was scheduled for transfer from ANMC to Seattle Children's.

33. The transport team comprised of flight nurses from Airlift arrived at ANMC to transport J.L. to Seattle Children's.

34. The flight nurses prepared to transport J.L. by placing her on their ventilator and their monitors, after which J.L. suffered cardiac arrest.

35. The flight nurses from Airlift failed to properly monitor J.L's respiratory status when changing the ventilator, thereby causing her cardiac arrest and metabolic acidosis.

36. The acts, errors, and omissions alleged herein have proximately caused injury and damage to J.L., including, but not necessarily limited to:

a. Physical pain and suffering, past and future;

b. Severe and permanent physical impairment and disfigurement;

c. Emotional distress and psychological injury, past and future;

First Amended Complaint
Long et. al. vs. USA, et. al. Page **7** of **9**

Case 3:16-cv-00089-JWS   Document 25   Filed 01/26/17   Page 7 of 9

**LAW OFFICES OF DAVID HENDERSON**
*3003 Minnesota Drive, Suite 203*
*Anchorage, AK 99503*
*Phone: 907-677-1234*
*Fax: 888-965-9338*

d.   Inconvenience and loss of enjoyment of life, past and future;

e.   Medical- and treatment-related expenses, including life-care expenses, past and future;

f.   Other pecuniary losses, past and future, including, but not necessarily limited to, lost wages and earnings, lost earning capacity, lost subsistence capability and earnings, and; loss of career and business opportunities.

### Cause of Action — Negligence/Recklessness
**[On each plaintiffs' behalf
against each defendant]**

37.   Plaintiffs incorporate each of the allegations heretofore alleged.

38.   Medical care providers at the Clinic, LifeMed, and Airlift failed to exercise that degree of skill, care, and knowledge ordinarily exercised and possessed under the circumstances by health care providers in their fields and specialties.

39.   Said lapses and breaches of skill, care, and competence proximately caused the injuries and damages alleged herein.

40.   Said lapses and breaches constitute recklessness within the contemplation of AS 09.55.549(f).

First Amended Complaint
Long et. al. vs. USA, et. al. Page **8** of **9**

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338

41. Defendants are liable to each of the plaintiffs for negligence, in an amount to be proved at trial.

WHEREFORE, plaintiffs pray for relief as follows:

1. For a judgment against defendants, and in plaintiffs' favor, compensating them for their injuries and damages, as alleged;

2. For an award of compensable costs, compensable attorney's fees, and any applicable interest.

3. For any other relief the court may deem just and proper.

DATED this _____ day of January, 2017, at Anchorage, Alaska.


                              LAW OFFICES OF DAVID HENDERSON
                              Attorney for the Plaintiffs


                              s/David Henderson
                              David Henderson  #9806014

First Amended Complaint
Long et. al. vs. USA, et. al. Page **9** of **9**
Case 3:16-cv-00089-JWS   Document 25   Filed 01/26/17   Page 9 of 9